Anthony E. MARCHESSEAULT,
Petitioner–Appellant,

v.

UNITED STATES of America,
Respondent–Appellee.

No. 13–13344
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Dec. 30, 2014.

Anthony E. Marchesseault, Eustis, FL,
pro se.

Karin Bethany Hoppmann, Arthur Lee
Bentley, III, U.S. Attorney's Office, Tampa, FL, David L. Haas, U.S. Attorney's
Office, Orlando, FL, for Respondent–Appellee.

Before TJOFLAT, MARTIN and
ANDERSON, Circuit Judges.

PER CURIAM:

On June 16, 2010, Anthony Marchesseault was indicted for violating 18 U.S.C.
§ 1038(a)(1)(A) by "caus[ing] a package
containing a hoax explosive to be deposited
in the United States Mail with insufficient
postage that falsely represented that it
was being sent from the Chairman and
Chief Executive Officer of a company, for
which [he] previously served as a contractor, to Dr. Al–Zarquawi Gjasd A Da S.,
Baghdad University, Iraq." Doc. 3. Pursu-
ant to a plea agreement, Marchesseault
pleaded guilty to the offense, and, on December 7, 2010, the District Court sentenced him to a one-year term of probation
conditioned on his serving one hundred
hours of community service, attending anger-management classes, and making restitution in the sum of $2,711. Doc. 37.

After serving the term of probation and
complying with its conditions, Marchesseault, on February 4, 2013, moved the
District Court for reconsideration. The
court treated the motion as a challenge to
his conviction and sentence, and therefore
brought under 28 U.S.C. § 2255. On May
15, 2013, the court denied the motion as
time-barred because it had not been filed
within one year of the date Marchesseault's conviction became final. Doc. 47
at 3–4.

On July 19, 2013, Marchesseault filed a
notice of appeal challenging the District
Court's May 15, 2013, order. On July 15,
2014, this court treated Marchessealut's
February 4, 2013, motion as a petition for
writ of error *coram nobis* and entertained
the appeal.[1]

"Federal courts have authority to issue a
writ of error coram nobis under the All
Writs Act, 28 U.S.C. § 1651(a)." *United
States v. Mills*, 221 F.3d 1201, 1203 (11th
Cir.2000). A writ of error *coram nobis* is
available to vacate a conviction after the
petitioner has served his sentence. *United
ed States v. Peter*, 310 F.3d 709, 712 (11th
Cir.2002). "The writ of error coram nobis
is an extraordinary remedy of last resort
available only in compelling circumstances
where necessary to achieve justice."
*Mills*, 221 F.3d at 1203. *Coram nobis*
relief is limited to the most fundamental
errors, and such relief is only proper when
"no other remedy is available and the petitioner presents sound reasons for failing to

---

1. We held that the appeal was timely. Because the District Court did not enter a judg-
ment in a separate document, we deemed its
order entered 150 days after May 15, 2013.

seek relief earlier." *Id.* at 1203–04; *see Alikhani v. United States,* 200 F.3d 732, 734 (11th Cir.2000) (concluding that defendant's claims could have been raised in a pretrial motion and were therefore not cognizable on *coram nobis* review).

The errors flagged by Marchesseault in his motion to reconsider relate to errors in events that occurred prior to his plea of guilty, the plea itself, his presentence investigation report, his restitution, and the effectiveness of his attorney.[2] He has provided no "sound reasons" as to why these issues could not have been raised in pretrial motions, on direct appeal, or in a timely filed § 2255 motion. *See Mills,* 221 F.3d at 1204; *see also Alikhani,* 200 F.3d at 734.

AFFIRMED.

---

2. Marchesseault waived several of these issues by pleading guilty and by failing to raise these issues related to his guilty plea on direct appeal. *See Peter,* 310 F.3d at 712 (noting that the failure to challenge a guilty plea on direct appeal waived several types of error in the proceedings which resulted in the guilty plea); *see also United States v. Smith,* 532 F.3d 1125, 1127 (11th Cir.2008) (stating that a guilty plea waives all non-jurisdictional challenges to a conviction).